SUPERIOR COURT

2019 MAY -3 PM 3 23

CLERK OF COURT



# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MARYJEAN M. ARRIOLA,<br><br>Plaintiff,<br><br>vs.<br><br>LEONARD J. ARRIOLA,<br><br>Defendant. | Case No. DM0474-17<br><br>**DECISION AND ORDER** |

## INTRODUCTION

Plaintiff has moved for an order show cause why Defendant should not be held in contempt for failing to comply with the provisions of the interlocutory default judgment of divorce. This matter is before the Honorable Michael J. Bordallo. Plaintiff MaryJean M. Arriola ("Plaintiff") is represented by Daniel S. Somerfleck, Esq. of Somerfleck & Associates, PLLC. Defendant Leonard J. Arriola ("Defendant") is apparently not represented by counsel. Having considered the arguments and the applicable law, the Court hereby **GRANTS** Plaintiff's motion for order to show cause.

## BACKGROUND

This matter arises out of Plaintiff's amended motion for an order to show cause filed on Mar. 22, 2019. Plaintiff has entitled the motion, "Amended Motion for Contempt and

Enforcement of January 30, 2018 Interlocutory Default Judgment of Divorce and Memorandum of Points and Authorities." Although Plaintiff calls the motion a "Motion for Contempt," the Court views the motion not as a motion to hold Defendant in contempt but as a motion for order to show cause whether Defendant should be held in contempt. In this decision, the motion will be referred to as "Motion." Defendant has not responded to the Motion. The Court has taken the matter under advisement.

## FACTS

1. The parties were married on Aug. 25, 2001 in Guam and they separated in June 2015.

2. The parties have two children of the marriage, L.J.A. (DOB 9/2/2000) and L.J.A. (DOB 10/31/2004).

3. On Aug. 31, 2017, Plaintiff filed a Complaint for Divorce ("Complaint") on grounds of extreme emotional cruelty.

4. Three weeks later, on Sep. 22, 2017, the Summons and Complaint were personally served upon Defendant.

5. Defendant never filed an opposition to the Complaint and never appeared in court.

6. On Jan. 30, 2018, the Court granted an Interlocutory Default Judgment of Divorce ("Judgment") to Plaintiff on grounds of extreme emotional cruelty.

7. The Judgment ordered that Plaintiff would be awarded one half of the funds or cash value accumulated in each of the following accounts as of the date of separation:

    a. A Bank of Guam savings account.

    b. A Navy Federal Credit Union savings account.

    c. Defendant's life insurance policy.

    d. Defendant's retirement accounts for the time during the marriage.

8.  The Judgment required Defendant to be responsible for any and all credit card debts and/or loans solely in his name.

9.  The Judgment also required Defendant to pay Plaintiff $300 per month in spousal support and Plaintiff's reasonable attorney's fees and costs.

10. In the Motion, Plaintiff claims that Defendant has failed to comply with the terms of the Judgment and should be held in contempt.

11. In a declaration Plaintiff filed on Mar. 18, 2019, she stated that Defendant stated that he did not sign any paperwork agreeing to the Judgment and did not go to Court, and therefore he was not going to follow the orders.

12. Defendant was personally served with the Motion on Mar. 26, 2019.

13. Although Defendant has now been personally served twice in this case, he has never yet responded to any pleadings or made any appearance in Court.

14. The matter is now before the Court.

## ISSUE

1.  Whether to order Defendant to show cause why he has not complied with the requirements of the Judgment.

## PRINCIPLES OF LAW

Contempt of court includes disobedience of any lawful court order. 7 Guam Code. Ann. § 34101(a)(5). In 2003 the Supreme Court of Guam explained the elements required for a court to find a party in contempt of a prior order. Rodriguez v. Rodriguez, 2003 Guam 8 ¶ 15. The Supreme Court held that, "[t]he elements of contempt are generally: 1) a valid order, 2) knowledge of the order, 3) ability to comply with the order, and 4) willful failure to comply with the order." Id. (citing In re Ivey, 102 Cal.Rptr.2d 447, 451 (Ct. App. 2000)).

## ANALYSIS

The Court will order Defendant to appear to show cause. Defendant has not complied with a valid Court order of which he has knowledge, satisfying the first two elements of the Rodriguez test. However, the Court accepts that he may be able to demonstrate that the third and fourth elements are not satisfied. Presumably Defendant has the ability to comply with the orders dividing the money in the various accounts, but it is not clear that he has the ability to comply with other orders, such as the $300 monthly spousal support and payment for attorney's fees and costs. Whether Defendant had the ability to comply but willfully chose not to comply remains to be seen. Therefore, the Court will grant Plaintiff's Motion for Defendant to show cause why he should not be held in contempt for failing to comply with a valid order.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** Plaintiff's Motion, and Plaintiff may prepare an Order to Show Cause to be served upon Defendant.

SO ORDERED, this ___5___ day of ___May___ 2019.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

ck ___ ce that a copy of the
___ reto was placed in the
of:

Somerfleck
5/3/19 Time 345pm

Deputy Clerk, Superior Court of Guam

Received for Service

_____M

_____ 20_____

Page 4 of 4

Marshal, Superior Court
Guam